UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN SILVA-ROMERO,           ) | CV-F-06-0073 AWI |
|                                )  | CR-F-05-0191 AWI |
|     Petitioner,   ) | |
|                                )  | |
| v.                             ) | ORDER RE MOTION TO VACATE, |
|                                )  | SET ASIDE, OR CORRECT THE |
| UNITED STATES OF AMERICA,      ) | SENTENCE PURSUANT TO 28 |
|                                )  | U.S.C. §2255 |
|     Respondent.   ) | |

**I. History**

On June 2, 2005, Petitioner Fabian Silva-Romero was indicted for violating 8 U.S.C. §1326, being a deported alien found within the United States without having obtained the consent of the U.S. Attorney General or the Secretary of the Department of Homeland Security. Doc. 7.[1] Petitioner was represented by Ann Voris, an attorney with the federal defender's office. Doc. 6. On July 29, 2005, the parties lodged a plea agreement with the court. Doc. 12. A draft presentence investigation report ("PIR")[2] was prepared by the U.S. Probation Office and made available July 12, 2005. At a hearing on August 8, 2005, Petitioner plead guilty and was

---

[1] All citations to docket entries refer to filings in the criminal case (05-0191).

[2] The presentence investigation report is not part of the formal docket in the criminal case. Nevertheless, the court will make reference and cite to it as part of the record.

1

sentenced to 51 months imprisonment with 36 months supervised release. Doc. 13.  Judgment was issued August 11, 2005. Doc. 14.  No direct appeal was filed.  Petitioner filed his Section 2255 habeas petition on January 24, 2006. Doc. 15.

## II. Legal Standards

Title 28 U.S.C. §2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979).

Courts must "construe pro se habeas filing liberally." Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003).  Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994), quoting 28 U.S.C. §2255.  The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996), citations omitted.  Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980).

## III. Discussion

Petitioner sets out four grounds for relief: (1) "The Conviction was obtained by Plea of guilty unlawfully induced or with understanding of the nature of the charge and consequences of the Plea," (2) "Denial of effective Assistance of Counsel," (3) "The PSI Report was over

represented and the Probation Officer failed to mention the mitigating circumstances that could warrant a Downward Departure," and (4) "The Defendant Plead Guilty to a violation of 8 U.S.C. 1326 that guarantees a statutory maximum penalty of not more than 2 years." Doc. 15, Petition, at 4 and 8.  For ease of presentation, the court addresses the issues out of order.

**A. Sentencing Errors**

Petitioner alleges it was error for the U.S. Probation Office not to mention any mitigating circumstances in the PIR.  As part of the plea agreement, Petitioner also agreed to the following:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal any sentence imposed. Acknowledging this, the defendant knowingly and voluntarily agrees to waive all Constitutional and statutory rights to appeal his conviction and sentence, including, but not limited to an express waiver of appeal of this plea (including any venue and statute of limitations issues) and to attack collaterally his mental competence, and his plea, or his sentence, including but not limited to, filing a motion under 28 U.S.C. §2255, or 28 U.S.C. §2241, or 18 U.S.C. §3742, or otherwise.

Doc. 12, Plea Agreement, at 3:15-25.  "The right to attack a judgment collaterally is statutory. A knowing and voluntary waiver of a statutory right is enforceable. For this reason a prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." United States v. Racich, 35 F. Supp.2d 1206, 1210 (S.D. Cal. 1999), citations omitted.  The standard mirrors waiver of direct appeal rights: "A defendant's right to appeal is statutory, rather than constitutional, in nature. Knowing and voluntary waivers of appellate rights in criminal cases are regularly enforced. The sole test of a waiver's validity is whether it was made knowingly and voluntarily." United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000), citations omitted.  In the plea colloquy, Petitioner specifically agreed that he was waiving his right to attack his conviction and sentence collaterally.  Thus, Petitioner's allegations of incorrect sentencing are waived.

Further, Plaintiff received the PIR on July 12, 2005.  He agreed to a plea agreement with the prosecution on July 29, 2005.  His plead guilty and was sentenced on the same day (August, 8, 2005).  During sentencing he made no objection to the PIR.

**B. Ineffective Assistance of Counsel and Invalid Plea**

Petitioner's ineffective assistance of counsel and invalid plea arguments cover the same substantive ground.  Petitioner has challenged the validity of his waiver by claiming that guilty plea was the result of his attorney's ineffective assistance in failing to fully inform Petitioner of all of his rights and that his plea was illegally induced.  A waiver of habeas rights can not bar a claim that relates to the validity of the waiver itself. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).  Because claims of ineffective assistance of counsel usually implicate the validity of plea agreements that are secured through the efforts of the allegedly ineffective counsel, those claims are not normally considered waived by plea agreements. United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996), citations omitted.  To establish a constitutional violation for ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him/her. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir. 1993).  To prove a deficient performance of counsel, Petitioner must demonstrate that counsel "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir. 1985).  To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).

Petitioner argues he "was presented with a Plea Agreement which did not specify an specific term of Imprisonment to which the Defendant was to be sentence upon his concession of guilt." Doc. 15, Petition, at 4.  "The Defense Counsel neglected in its entirety to explain in detail the cons[q]uences of entering a Plea of guilty, with what could clearly be considered as an Open Plea and that by doing so, the Defendant would be refusing (waiving) all possibilities to Appeal the sentence imposed by the sentencing Judge and or the Conviction....so basically the Defendant was induced and co[]erced into signing an Open Plea Agreement which could have sentence the Defendant to serve the rest of his life in Prison and having waived all of his possibilities for an Appeal, Collateral Attack, Downward Departures of Offense Level and Criminal History Points upon his signature, and or the Death Penalty without any Rights to file and Appeal." Doc. 15,

Petition, at 5. "Counsel never took the time to explain to the Defendant what 8 U.S.C. 1326 meant, other than to say that it was a violation for illegal re-entry and that the Government could sentence the Defendant to 20 years; nor did ever explained to the Defendant what Title 18 U.S.C. §3742, not 28 U.S.C. §2255 not 28 U.S.C. §2241 not what exactly waiving all of his rights." Doc. 15, Petition, at 6.

    First, plea agreements are essentially contracts between the criminal defendant and the prosecution. They can not set out a specific term of imprisonment because the prosecution does not decide the sentence in the case; the court, which is not a party to the agreement and which can not be bound by it, does the sentencing. Further, the plea agreement did specify "the defendant faces the following maximum potential sentence: (a) Imprisonment: twenty (20) years[;] (b) Fine: two hundred fifty thousand dollars ($250,000)[;] (c) Term of Supervised Release: three (3) years[;] (d) Penalty assessment: one hundred ($100) dollars (mandatory)." Doc. 12, Plea Agreement, at 7:3-9. Petitioner was faced with a maximum sentence of 20 years imprisonment, not life or the death penalty. Petitioner plead guilty pursuant to a plea agreement; there was no open plea.

    Second, there is no explanation for how Petitioner was coerced or induced into signing the plea agreement. Without specific, credible allegations, no evidentiary hearing is warranted. Here, there are no factual allegations of any kind. A pro forma allegation of coercion is insufficient. Instead, it appears that Petitioner is simply alleging his attorney did not explain all aspects of the plea agreement with him. Assuming arguendo the attorney failed to do so, the court (through an interpreter) explained the consequences of the plea agreement to the Petitioner at the hearing on August 8, 2005. Specifically, the court explained the nature of the charges, the possible sentence, and the waiver of various rights. Thus, any failure to explain did not result in prejudice. Cf. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (the petitioner "suffered no prejudice from his attorney's prediction [of a light sentence] because, prior to accepting his guilty plea, the court explained that the discretion as to what the sentence would be remained entirely with the court"). "Solemn declarations in open court carry a strong presumption of verity." United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir. 1987), quoting

5

1  United States v. Moore, 599 F.2d 310, 314 (9th Cir. 1979).

2  Further, there is no evidence or even an allegation that a fuller explanation of the plea by his counsel would have resulted in Petitioner turning down the plea. The alternative to the plea bargain signed is not another plea bargain with more favorable terms but rather proceeding to trial. Petitioner never states that he would have opted to proceed to trial had he better understood the nature of the plea agreement. If he would not have gone to trial regardless of any failure to explain, there is no prejudice to any alleged ineffective assistance of counsel. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990); Rogers v. United States, 1 F.3d 697, 699 (8th Cir. 1993) (no prejudice where petitioner "did not allege in his motion or in other pleadings before the district court that he would not have pleaded guilty if the trial court or his attorney had correctly informed him regarding parole eligibility").

**C. Maximum Penalty Under Section 1326**

Petitioner argues that he plead guilty solely to 8 U.S.C. §1326 in general and not to any specific subsection. The relevant text reads:

> (a) In general. Subject to subsection (b), any alien who--
>   (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
>   (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this or any prior Act,
> shall be fined under title 18, United States Code, or imprisoned not more than 2 years or both.
>
> (b) Criminal penalties for reentry of certain removed aliens. Notwithstanding subsection (a), in the case of any alien described in such subsection....
>   (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both;

8 U.S.C. §1326. Petitioner thus argues that in the absence of any specification, the default should be Section 1326(a), the maximum penalty of which is two years imprisonment. This claim appears to touch upon the court's jurisdiction and so is directly addressed.

The indictment specifically alleges Petitioner violated 8 U.S.C. §1326(a) and (b)(2). Doc. 7. As part of the plea agreement, Petitioner admitted that "On or about November 4, 1998, the defendant was convicted of first Degree Burglary, in violation of California Penal Code §459, in the San Bernardino County Superior Court, and he was sentenced to two years in prison." Doc. 12, Plea Agreement, at 6:26-28. Title 8 U.S.C. §1101(43)(G), which defines the terms used in Section 1326, states that "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year" is an "aggravated felony." Thus, Petitioner admitted to a prior conviction that qualifies as an aggravated felony. The court had full jurisdiction to impose sentence pursuant to Section 1326(b)(2).

### IV. Order

The petition of Fabian Silva-Romero to vacate, set aside, or correct the sentence imposed is DENIED and the case is ordered CLOSED.

IT IS SO ORDERED.

**Dated:     February 21, 2010**                      /s/ **Anthony W. Ishii**
                                                      CHIEF UNITED STATES DISTRICT JUDGE

The indictment specifically alleges Petitioner violated 8 U.S.C. §1326(a) and (b)(2). Doc. 7. As part of the plea agreement, Petitioner admitted that "On or about November 4, 1998, the defendant was convicted of first Degree Burglary, in violation of California Penal Code §459, in the San Bernardino County Superior Court, and he was sentenced to two years in prison." Doc. 12, Plea Agreement, at 6:26-28. Title 8 U.S.C. §1101(43)(G), which defines the terms used in Section 1326, states that "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year" is an "aggravated felony." Thus, Petitioner admitted to a prior conviction that qualifies as an aggravated felony. The court had full jurisdiction to impose sentence pursuant to Section 1326(b)(2).

### IV. Order

The petition of Fabian Silva-Romero to vacate, set aside, or correct the sentence imposed is DENIED and the case is ordered CLOSED.

IT IS SO ORDERED.

**Dated:     February 21, 2010**                     /s/ **Anthony W. Ishii**
                                                     CHIEF UNITED STATES DISTRICT JUDGE